Sucn. de Oscar F. Bravo González, etc., et als., deman-
dantes y peticionarios, *v.* Secretario de Hacienda de
Puerto Rico, demandado y recurrido.

*Número:* O-77-409      *Resuelto:* 10 de enero de 1978

*José Orlando López Rodríguez,* abogado de los peticionarios; *Héctor A. Colón Cruz, Procurador General, Maggie Correa Avilés, Procuradora General Auxiliar,* abogados del Secretario de Hacienda.

PER CURIAM: Doña Rudescinda Monagas heredó de su señora madre, en 1934, 175 acciones de la corporación Mayagüez Sugar Co. De éstas ella donó cuatro acciones a sus hijos. Estando casada con don Oscar F. Bravo González, la Mayagüez Sugar Co. declaró un dividendo en acciones, que elevó el número de las acciones de doña Rudescinda a 440, es decir, un aumento de 269 acciones. Al fallecer don Oscar en 1964 y procederse a la consideración del caudal hereditario correspondiente a su sucesión, el Secretario de Hacienda determinó que dichas 269 acciones de doña Rudescinda son gananciales y deben por tanto computarse a los fines de determinar la contribución de herencia.

En octubre de 1966 fue pagada en su totalidad la contribución de herencia, ascendente a $658,877.19, pero la Sucesión reclamó administrativamente el reintegro de $113,095.80 como contribuciones pagadas en exceso, impuestas erróneamente sobre las 269 acciones de doña Rudescinda, que alegaron son privativas de ella. Mediante carta no certificada fechada el 23 de enero de 1970 el Director Auxiliar Interino del Negociado de Tasación de la Propiedad comunicó al representante de la Sucesión que el reintegro no procedía por ser ganancial el dividendo pagado en acciones. El 24 de enero de 1970 el representante de la Sucesión contestó dicha carta e insistió en el carácter privativo de dichas acciones. A esta comunicación contestó el Secretario de Hacienda por carta no certificada, de fecha 3 de abril de 1970, concebida en los siguientes términos:

"Correspondemos a su carta de fecha 24 de enero del año en

curso, referente a su solicitud de reintegro en el caso de herencia de don Oscar T. Bravo González (caso número 33130).

Estudiada su petición, y la ley y jurisprudencia aplicables, tenemos dudas de la procedencia de dicho reintegro, por lo cual estimamos que la adjudicación de su solicitud debe ser hecha por un Tribunal."

Ante esta negativa, la Sucesión presentó demanda en solicitud del reintegro ante el Tribunal Superior, Sala de San Juan, el 1 de mayo de 1970. Por sentencia del 7 de octubre de 1976 se reconoció que los dividendos en acciones son privativos, citándose nuestra decisión de *López Martínez* v. *Yordán*, 104 D.P.R. 594 (1976), pero se desestimó la demanda por el fundamento de falta de jurisdicción. Se basó en 13 L.P.R.A. secs. 261 y 282. La Sec. 261 concede 30 días al contribuyente para presentar demanda, a partir dicho plazo "de la fecha del depósito en el correo de la notificación del Secretario de Hacienda denegando la solicitud." La sec. 282 es una reiteración de dicho requisito de la 261, en que se señala que dicho término es de carácter jurisdiccional. Sostiene la sentencia que el término debe computarse a partir de la carta del Director Auxiliar Interino de 24 de enero de 1970, que la ley no contempla la solicitud de reconsideración como interruptora de dicho término, negándole por tanto alcance alguno a la carta del Secretario de 3 de abril de 1970. La Sucesión no recurrió contra la sentencia, pero el 15 de marzo de 1977 invocó la Regla 49.2 de Procedimiento Civil, en su inciso 6, que permite dejarla sin efecto por "cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia." Es contra la denegatoria del tribunal de instancia de conceder el remedio solicitado al amparo de dicha disposición que la Sucesión ha recurrido ante nos mediante el recurso que aquí consideramos.

Por resolución de 23 de noviembre de 1977 expedimos la siguiente orden:

"Se concede al Procurador General un plazo a vencer el 16 de diciembre de 1977 para que muestre causa por la cual no deba

expedirse el auto solicitado, dejar sin efecto la resolución del Tribunal de instancia de 28 de septiembre de 1977 y revisar la sentencia dictada por el Tribunal de instancia con fecha de 7 de octubre de 1976."

El Procurador General ha comparecido en obediencia a dicho requerimiento pero no nos convence.

En primer lugar, aunque la ley no autorice expresamente la reconsideración de una determinación administrativa, no se puede negar al Secretario de Hacienda tal poder, y aquí el Secretario de hecho acogió la comunicación del representante de la Sucesión como una solicitud de reconsideración, se reiniciaron conversaciones sobre el particular, y ante la duda honesta que dijo tener, remitió a la Sucesión al procedimiento judicial. Si han de prevalecer los tecnicismos para derrotar un derecho que en justicia pudiera existir, tendríamos que señalar que ninguna de las comunicaciones de Hacienda fue remitida por correo certificado, como lo exigen las Secs. 261 y 282 antes citadas.

En segundo lugar, si bien la Regla 49.2 no es una llave maestra para reabrir a capricho un pleito ya adjudicado, el inciso 6 de dicha Regla es amplio para permitir que se corrija un error a todas luces injusto. Somos Tribunal de Justicia y aunque la Justicia se pinta ciega, como símbolo de su imparcialidad, los Tribunales que la imparten deben tener los ojos bien abiertos para impedir que ella se frustre. Cuando de hacer justicia se trata, no puede haber moldes técnicos que aprisionen los remedios justos. Para ese fin está el citado inciso 6 de la Regla 49.2, y los hechos ante nos justifican su aplicación.

*Se expedirá el auto solicitado, se revocará la resolución de 28 de septiembre de 1977 que denegó la solicitud bajo la Regla 49.2(6), se dejará sin efecto la sentencia de 7 de octubre de 1976 y se dispondrá que el tribunal de instancia reabra el caso núm. 70-2027 objeto de este recurso a los fines de determinar el reintegro que corresponde a favor de la parte*

*aquí recurrente y dictar sentencia consistente con lo aquí resuelto.*

Los Jueces Asociados Señores Rigau y Martín no intervinieron.