TEXTO COMPLETO DE LA SENTENCIA
Mediante el recurso que nos ocupa se solicita la revocación del dictamen emitido por el foro de instancia que denegó la solicitud de los demandantes-peticionarios para que, al amparo de las Reglas 49.2 y 45.3, de Procedimiento Civil, 32 L.P.R.A. Ap. III, Reglas 49.2 y 45.3, se dejaran sin efecto las dos sentencias dictadas en su contra, una desestimando la demanda que presentaron y la otra declarando con lugar la reconvención de los co-demandados-recurridos, Orlando Vizcarrondo Armstrong, Sonia Guerrero Calderón como resultado, esta última, de haberse eliminado la réplica de los demandantes-peticionarios. Ambas sentencias fueron emitidas por el foro de instancia como sanción por haber incumplido el abogado de los demandantes-peticionarios con dos (2) órdenes dictadas y por su incomparecencia a dos (2) vistas señaladas.
La demanda desestimada por el tribunal recurrido fue presentada por los demandantes-peticionarios ante el Tribunal Superior, Sala de San Juan el 6 de octubre de 1993, contra los co-demandados-recurridos, Orlando Vizcarrondo Armstrong, Sonia Guerrero *1049 Calderón y la Sociedad de Gananciales por éstos compuesta, Miguel Atrocho Hernández, el Estado Libre Asociado de Puerto Rico y el periódico El Vocero de Puerto Rico, sobre cobro de dinero, daños y perjuicios, persecución maliciosa y difamación. Los co-demandados-recurridos Orlando Vizcarrondo Armstrong y Sonia Guerrero Calderón, además de contestar la demanda, reconvinieron. Oportunamente, los demandantes-recurridos replicaron.
Luego de varios trámites procesales, de rigor, el tribunal señaló el 23 de mayo de 1994 para tener efecto una conferencia sobre el estado del caso. La misma se suspendió para el 12 de septiembre de 1994. La minuta preparada reflejando lo anterior se notificó a los abogados de récord de las partes.
El 16 de junio de 1994 los abogados de los demandantes-peticionarios solicitaron permiso para renunciar a la representación legal que ostentaban. El tribunal accedió. Le concedió a los demandantes-peticionarios un plazo de veinte (20) días para contratar nueva representación legal. La orden emitida a esos fines fue notificada a los demandantes-peticionarios. El 12 de julio de 1994, transcurrido el término concedido, los demandantes-peticionarios comparecieron por derecho propio. Solicitaron una prórroga de treinta (30) días para contratar abogado. La misma le fue concedida.
Mediante escrito presentado el 16 de agosto de 1994, el Lie. Jaime Castrillón Ramírez compareció. Informó al tribunal que había sido contratado por los demandantes-peticionarios para asumir su representación legal. Simultáneamente solicitó veinte (20) días para "continuar con los procedimientos" y así poder "determinar la estrategia a seguir". Su pedido le fue concedido. El 22 de agosto de 1994 le notificaron la resolución emitida a esos efectos.
El Lie. Castrillón Ramírez no compareció a la conferencia sobre el estado del caso señalada para el 12 de septiembre de 1994. La misma se pospuso para el 21 de octubre de 1994. El foro de instancia le ordenó al Lie. Castrillón Ramírez que compareciera en diez (10) días a mostrar causa por la cual no debería ser sancionado por no haber comparecido al acto señalado. La vista sobre el estado de los procedimientos fue pospuesta para el 20 de octubre de 1994. La minuta preparada haciendo constar lo ocurrido y la disposición que tomó el tribunal le fue notificada a los abogados de récord de las partes, incluyendo al Lie. Castrillón Ramírez.
Transcurridos los diez (10) días concedidos al Lie. Castrillón Ramírez por el tribunal para que compareciera conforme lo intimado sin que éste así lo hiciera, provocó que el co-demandado, El Vocero de Puerto Rico, solicitara la desestimación de la demanda. En atención a dicho pedido, el foro de instancia dictó orden al Lie. Castrillón Ramírez para que en cinco (5) días cumpliese "con la orden de la minuta de 12 de septiembre de 1994, so pena de sanciones". Dicha orden se notificó al Lie. Castrillón Ramírez y a los demandantes-peticionarios el 13 de octubre de 1994.
El Lie. Castrillón Ramírez no cumplió con la orden para mostrar causa. Tampoco compareció a la vista sobre el estado de los procedimientos pautada para el 21 de octubre de 1994. Como resultado, el tribunal le eliminó a los demandantes-peticionarios las alegaciones de la demanda y le anotó la rebeldía en cuanto a la reconvención presentada por los co-demandados, Orlando Vizcarrondo Armstrong, Sonia Guerrero Calderón y la sociedad legal de gananciales por ambos compuesta. Señaló el 21 de diciembre de 1994 para celebrar la vista del caso en sus méritos. La minuta que recogió la resolución del Tribunal fue notificada al Lie. Castrillón Ramírez el 21 de octubre de 1994. La sentencia que sobre esos extremos dictó después el Tribunal por escrito, referente a la desestimación de la demanda y la eliminación de las alegaciones, fue notificada el 25 de octubre de 1995 al Lie. Castrillón Ramírez y a los demandantes-peticionarios.
El 22 de noviembre de 1994 los demandantes-peticionarios, por conducto del Lie. *1050 Castrillón Ramírez, solicitaron reconsideración. Los demandados-recurridos se opusieron dentro del término que para ello le concedió el Tribunal al "tomar [la reconsideración] bajo estudio". Alegaron que la moción de reconsideración se presentó fuera del término de quince (15) días que provee para ello la Regla 47 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 47. Por ese fundamento el Tribunal la declaró sin lugar. La fecha del 21 de diciembre de 1994 para la vista de la reconvención de los co-demandados-recurridos, Orlando Vizcarrondo Armstrong, Sonia Guerrero Calderón y la sociedad legal de gananciales de éstos, continuó vigente. La resolución le fue notificada a las partes el 19 de diciembre de 1994 por correo ordinario.
Celebrada el 21 de diciembre de 1994 en rebeldía la vista señalada, el Tribunal declaró con lugar la reconvención de los co-demandados-recurridos Orlando Vizcarrondo Armstrong, Sonia Guerrero Calderón y la sociedad legal de gananciales compuesta por ambos. Dictó sentencia contra los demandantes-peticionarios. Les condenó a pagar $68,800 por concepto de devolución de dinero pagados; $60,000 de pérdidas y daños económicos; $200,000 por ingresos dejados de obtener y lucro cesante; $20,000 por sufrimientos y angustias mentales y $3,000 para gastos y honorarios de abogados. La sentencia se notificó el 29 de diciembre de 1994.
El 4 de enero de 1995, los demandantes-peticionarios comparecieron ante instancia. Solicitaron reconsideración de la sentencia dictada el 21 de diciembre de 1994, Regla 43.5 de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 43.5. En el mismo escrito también solicitaron, al amparo de la Regla 49.2, que se dejase sin efecto la sentencia dictada el 21 de octubre de 1994, notificada el 25 de octubre de 1994, la cual desestimó la demanda que presentaron y eliminó las alegaciones de los demandantes-peticionarios a la reconvención. Luego de varias comparecencias escritas de una y otra parte, a favor y en oposición de la solicitud, el tribunal recurrido declaró sin lugar la moción. Notificó su dictamen el 2 de marzo de 1995. Inconforme los peticionarios acuden ante este Foro. Nos piden que revoquemos la resolución recurrida; que dejemos sin efecto tanto la sentencia que desestimo la demanda como la otra dictada a favor de los co-demandados-recurrentes Vizcarrondo Armstrong y Guerrero Calderón que acogió la reconvención presentada por éstos.
El 13 de abril de 1995 emitimos orden dirigida a los demandados-recurridos. Los intimamos para que mostraran causa por la cual no deberíamos revocar la resolución recurrida que declaró sin lugar la moción presentada por los demandantes-peticionarios para que se dejasen sin efecto las sentencias dictadas en su contra. Dos de los demandados recurridos han comparecido. Se oponen a la expedición del auto solicitado.
Mediante comparecencia especial al amparo de la Regla 9 de nuestro Reglamento, el co-demandado-recurrido, El vocero de Puerto Rico, solicitó la recusación de uno de los integrantes de este Panel. Los procedimientos se paralizaron a los fines de dar cumplimiento a lo dispuesto por dicha Regla aplicable a la solicitud de recusación presentada. Concluido el trámite que regula el procedimiento a seguir, se denegó la petición de El Vocero.
Atendida entonces la comparecencia escrita de los co-demandados-recurridos Vizcarrondo Armstrong y Guerrero Calderón en la que se alude a las distintas órdenes dictadas por el tribunal a quo y su notificación a los demandantes-peticionarios, ordenamos que se elevaran los autos originales del caso seguido ante dicho foro. Recibido el expediente lo hemos examinado. No habiendo impedimento para que resolvamos el recurso, procedemos a ello.
En ese delicado y fino balance a que debemos objetivamente someter los derechos envueltos, sin reservas ni ataduras y con la rectitud que nos exige la dignidad que rige nuestra función, resolvemos que incidió el foro de instancia al negarse a dejar sin efecto la sentencia mediante la cual le desestimó a los demandantes-peticionarios su demanda y le eliminó las v_:_'_ *1051 alegaciones a la reconvención de los co-demandados.
A los fines de ubicar el presente recurso en su justa perspectiva resulta imperioso e ineludible ponderar los factores envueltos y aquellos otros pertinentes para proveer la solución. Como punto de partida debemos acudir a esbozar y aplicar, no purificar ni enervar, los criterios normativos establecidos por el Tribunal Supremo de Puerto Rico en Maldonado Ortiz v. Recursos Naturales, 113 D.P.R. 494 (1982) en lo que concierne a definir y resolver cuál derecho debe ceder al sopesar el interés que todo litigante tiene en que los tribunales exijan el cumplimiento de sus órdenes y providencias para procesar rápida y económicamente las controversias, por un lado y, por el otro, la obligación de evitar que se prive a un litigante de ese derecho fundamental que reclama para que se le conceda su "día en corte".
La asentada norma judicial expuesta por nuestro Tribunal Supremo en Maldonado Ortiz v. Recursos Naturales, supra, no admite excepciones cuando se trata de omisiones, inobservancias o incomparecencias de los abogados que ostentan la representación legal de üna parte durante el trámite de un litigio. "Planteada ante un tribunal una situación que, de acuerdo con la ley y la jurisprudencia aplicables, amerite la imposición de sanciones, éste debe, en primer término imponer las mismas al abogado de la parte. Si dicha acción disciplinaria no produce frutos positivos, [entonces] procederá la imposición de la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones, tan sólo después que la parte haya sido debidamente informada y/o apercibida de la situación y de las consecuencias que puede tener el que la misma no sea corregida." (Enfasis nuestro.) Echevarría Jiménez v. Sucn. Pérez Meri, 123 D.P.R. 664 (1989); Amaro González v. First Federal Savings Bank, 93 JTS 46.
El derecho de una parte a que "las actuaciones u omisiones de sus abogados, deben ser objetos de escrutinio judicial y de sanciones, antes de atribuirle... todo el rigor y consecuencias de las mismas" se adoptó como norma y ha sido uniformemente aplicada e invariablemente reiterada por nuestro más alto foro judicial desde el 1972. Véase, Acevedo v. Compañía Telefónica de Puerto Rico de P.R., 102 D.P.R. 787 (1972). La desestimación de un caso como un medio de sanción, debe ser de los últimos recursos a utilizarse. Arce v. Club Gallístico de San Juan, 105 D.P.R. 305 (1976); Garriga Gordils v. Maldonado Colón, 109 D.P.R. 817 (1980).
Conforme la normativa expresada en Maldonado Ortiz, supra, antes de desestimar la demanda de los demandantes-peticionarios y eliminar sus alegaciones en relación con la reconvención, procedía primeramente imponer al Lie. Castrillón Ramírez una sanción económica por éste incumplir la orden que le exigió excusar su incomparecencia a la vista sobre el estado de los procedimientos y no comparecer luego a la nueva vista señalada. Igualmente, requería del tribunal de instancia apercibir y notificar a los demandantes-peticionarios que de no corregirse la inobservancia apuntada e incumplirse con próximas órdenes el tribunal procedería a desestimar la demanda y eliminar sus alegaciones en la reconvención de los demandados-recurrentes. Así conminados y notificados, de nada podían quejarse los demandantes-peticionarios si luego se tomase dicha acción en su contra como resultado de no cumplirse con lo intimado.
En su lugar, el tribunal de instancia en dos (2) ocasiones intimó al Lie. Castrillón Ramírez con imponerle sanciones económicas. No se las impuso. Tampoco apercibió a los demandantes de que desestimaría la demanda y le anotaría la rebeldía en la reconvención de no cumplir el Lie. Castrillón Ramírez con las órdenes emitidas. Ante tales consideraciones y no siendo éste el caso donde existen circunstancias que nos permitan colegir que ha quedado expuesto el desinterés y abandono total de los demandantes de su caso, Arce v. Club Gallístico, supra, sino todo lo contrario, estamos impedidos de limitar, menos aún servir como elemento depurador y no aplicar el alcance de la norma judicial antes expuesta a los *1052 fines de resolver lo que nos plantea el recurso.
Ahora bien, debemos determinar si los hechos traídos ante nuestra atención justifican la aplicación de la Regla 49.2, supra, a los fines de relevar a una parte afectada de los efectos de una sentencia adversa como resultado de actuaciones negligentes de su abogado. Ello, sin lugar a duda, requiere el ejercicio de una sana y justa discreción. "El ejercicio de esa discreción ha de ser imparcial, guiada por principios legales a ser ejercitados de conformidad con el espíritu de la ley." Garriga Gordils v. Maldonado Colón, supra; Southern Construction Co. v. Tribunal Superior, 87 D.P.R. 903 (1963).
Entre los factores que debemos considerar para evaluar la solicitud de relevo de sentencia está la falta de conocimiento de una parte sobre los hechos y sobre la causa que generó la determinación que originalmente tomó el tribunal al dictar las sentencias en el caso por causas atribuibles al abogado de la parte. Para superar cualesquiera inequidad resultantes, en el 1982 nuestro Tribunal Supremo en el caso de Maldonado v. Recursos Naturales, supra, requirió en primera instancia imponer sanciones a los abogados como resultado de su inobservancia a las órdenes o por incomparencias a vistas. Asimismo, implantó la norma consistente en que antes de acudir a la extrema sanción de desestimar la causa de acción o eliminar las alegaciones respondientes de la parte que representa el abogado, por tales razones, se debe notificar y apercibir de ello antes a la parte concernida. Sólo se deberá acudir a la desestimación una vez se notifique a la parte de la conducta de su abogado quedando apercibida de la acción que se tomará de no corregirse la situación.
Al desestimar la demanda y eliminarle a los demandantes-peticionarios sus alegaciones respondientes en cuanto a la reconvención, el foro recurrido negó a los demandantes-peticionarios su día en corte sin apercibirles antes específicamente que los incumplimientos e incomparecencias de su abogado conllevarían tanto la desestimación de su demanda como anotarle la rebeldía-en cuanto a la reconvención y, además, sin acudir primero a imponer sanciones económicas al abogado de los peticionarios por su incumplimiento e incomparecencia. Maldonado Ortiz v. Recursos Naturales, supra, pág. 4.
Examinadas la totalidad de las circunstancias presentes concluimos que exiten razones que justifican conceder el remedio provisto y contemplado en la Regla 49.2 a los fines de relevar a los demandantes-peticionarios de los efectos de las dos sentencias emitidas por el foro de instancia. La falta de conocimiento sobre los hechos específicos y la carencia de apercibimiento sobre la determinación que se habría de tomar de no corregirse la situación planteada, no debe ni puede operar en su contra. "[S]i bien la Regla 49.2 no es una llave maestra para reabrir a capricho un pleito ya adjudicado, el inciso 6 de dicha Regla es [tan] amplio [como] para permitir que se corrija un error a todas luces injusto. Somos Tribunal de Justicia y aunque la justicia se pinta ciega, como símbolo de su imparcialidad, los Tribunales que la imparten [debemos] tener los ojos bien abiertos para impedir que ella se fruste. Cuando de hacer justicia se trata, no puede haber moldes técnicos que aprisionen los remedios justos. Para ese fin está el citado inciso 6 de la Regla 49.2." Sucn. Bravo v. Srio de Hacienda, 106 D.P.R. 672 (1978). Resolver lo contrario equivale a desvirtuar el espíritu de las directrices pautadas en Maldonado v. Recursos Naturales, supra, ante un análogo trasfondo. Estaríamos avalando indirectamente lo que directamente no debemos permitir.
No obstante, consideramos que las omisiones del Lie. Castrillón Ramírez son un modelo de las causas que más dilaciones ocasionan en la pronta adjudicación de las controversias ante los tribunales de instancia. Semejante conducta opera en perjuicio de los mejores intereses de la parte que se representa. Es contraria a una sana y diligente práctica forense. El Lie. Castrillón Ramírez solicitó del tribunal veinte (20) días al asumir la representación legal de los demandantes-peticionarios para familiarizarse con el caso. Inicialmente debió cerciorarse si había alguna vista señalada, ya con la anterior representación legal de sus clientes o *1053 cotejando el expediente del tribunal. A nuestro entender, esa básica gestión es fundamental cuando se asume la representación legal de una parte, sustituyendo la anterior, luego de que ya el caso ha comenzado.
Aún más, tan pronto recibió y se enteró de la orden del tribunal para que cumpliese con los términos de lo consignado en la minuta preparada el 12 de septiembre de 1994, señalamiento al cual no compareció por las razones que fueran, el Lie. Castrillón Ramírez debió inmediatamente acudir al expediente del tribunal a los fines de enterarse del contenido de la minuta. Su actuación pasiva ocasionó demoras en el trámite del caso. De prevalecer la sentencia que hoy revocamos, los demandantes-peticionarios se hubiesen visto privados de poder establecer su posición en la controversia y que se considerara la misma en la evaluación de los méritos del caso. Actuaciones como éstas son las que precisamente han deteriorado la imagen y empañan el lustro de nuestra prestigiosa profesión, a juicio de un sector de la ciudadanía.
Sin embargo, no podemos inculpar y castigar a los demandantes-peticionarios en ausencia de que se haya acudido inicialmente a imponer sanciones económicas al abogado y notificarles sobre lo que conllevaba no corregir e incumplir con lo intimado conforme la norma para esos casos. De acceder, ante las circunstancias presentes, les estaríamos privando de su día en corte al adoptar una tesis que no representa el balance más racional y justiciero a tenor de los pronunciamientos apuntados.
A la luz de los motivos que anteceden, se expide el auto solicitado. Dejamos sin efecto la sentencia que desestimó la demanda de los demandantes-peticionarios. Asimismo, la que eliminó las alegaciones de los demandantes-peticionarios a la reconvención presentada en su contra y, por consiguiente, la posterior sentencia en rebeldía que declaró con lugar dicha reconvención de los co-demandados, Yizcarrondo Armstrong, Guerrero Calderón y la sociedad legal de gananciales por ellos compuesta.
Lo anterior está sujeto a que el Lie. Castrillón Ramírez deposite ante el foro de instancia el pago de $500.00 a favor del Estado y $500.00 a favor de cada uno de los co-demandados-recurridos. Deberá depositar la sanción impuesta dentro de los quince (15) días siguientes a la notificación de esta sentencia. Surgiendo de los autos que han sido elevados la dirección de los demandantes-peticionarios, se ordena que se les notifique con copia de esta sentencia.
El foro de. instancia, al cual se devolverán los autos originales, continuará con los procedimientos de forma consistente con lo aquí resuelto y velará porque el Lie. Castrillón Ramírez consigne la sanción impuesta dentro del término concedido.
Lo acuerda el tribunal y lo certifica la Secretaria General.
María de la C. González Cruz
Secretaria General
ESCOLIO 95 DTA 271
1. "49.2 Errores, inadvertencia, sorpresa, negligencia excusable, descubrimiento de nueva prueba, fraude, etc.

Mediante moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las siguientes razones:

"(1)...

*1054
(2)...

(3)...

(4)...

(5)...

(6) Cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.