TEXTO COMPLETO DE LA RESOLUCION
El día 12 de febrero de 1996, la parte peticionaria, señor Rafael I. García Mateo, presentó un recurso de certiorari ante el Tribunal de Circuito de Apelaciones. Solicita la revisión y revocación de una resolución dictada en corte abierta por el Tribunal de Primera Instancia, Sala Superior de Bayamón, el día 17 de octubre de 1995, transcrita en una minuta de fecha 24 de octubre de 1995.
El peticionario y su representación legal no comparecieron a la vista señalada para el 17 de octubre de 1995 en la cual se iba a dilucidar una rebaja de pensión alimentaria solicitada por el peticionario y una moción posterior de aumento de pensión alimentaria solicitada por la recurrida, señora Bárbara A. Calebaugh Vega. No estando presente el peticionario ni su abogada, el tribunal declaró con lugar la moción solicitando aumento de la pensión alimentaria y aumentó la misma a $600.00 mensuales retroactivo al 29 de noviembre de 1994. El tribunal no hizo determinación de hechos alguna de donde surja la corrección del aumento.
No conforme, el peticionario presentó una moción de reconsideración en la cual alegó que su incomparecencia a la vista se debió a una confusión de su parte sobre la fecha señalada por el tribunal. El tribunal declaró sin lugar dicha moción de reconsideración por razón de que el señalamiento de la vista para el 17 de octubre de 1995 se había hecho en corte abierta el 1ro. de agosto de 1995. El peticionario presentó una segunda moción de reconsideración el 18 de diciembre de 1995, esta vez solicitando que el tribunal señalara una vista para escuchar la grabación de la vista del 1ro. de agosto de 1995 o en la alternativa le autorizara escuchar dicha grabación junto con la Procuradora de Relaciones de Familia para aclarar la fecha exacta en que se llevaría a cabo la vista sobre la moción de rebaja de pensión alimentaria. El tribunal autorizó a ambas partes escuchar la grabación de la vista de 1ro. de agosto de 1995. Finalmente, el día 23 de enero de 1996 el peticionario presentó ante el tribunal de instancia una Moción Solicitando Se Deje Sin Efecto lo Dispuesto en la Vista del 17 de Octubre de 1995 y Se Señale Vista. En ésta indica que en la vista del 1ro. de agosto de 1995 las partes discutieron el cambio de la fecha de la vista de 17 de octubre de 1995 debido a que el aquí peticionario no podría comparecer al tribunal en esa fecha por estar residiendo en Orlando, Florida, pero que para el mes de enero de 1996 vendría a Puerto Rico para relacionarse con su hija menor. El *1463 peticionario acepta en la referida moción que las partes buscaron fechas alternas para el mes de enero, pero que al no poder coordinar una fecha, el tribunal dejó en efecto el señalamiento para el 17 de octubre para que las. partes presentaran una moción en conjunto con posibles fechas para celebrar la vista en el mes de enero de 1996. El peticionario y su- abogada sostienen haber entendido erróneamente que la vista se había pospuesto para el mes de enero y que debido a dicha confusión se produjo su incomparecencia a la vista del 17 de octubre de 1995. No surge que esta moción de 23 de enero de 1996 haya sido resuelta por el tribunal de instancia.
A tenor con lo anterior, entendemos que la Moción Solicitando Se Deje Sin Efecto lo Dispuesto en la Vista del 17 de Octubre de 1995 y Se Señale Vista presentada el 23 de enero de 1996 ante el tribunal de instancia equivale a una moción bajo la Regla 49.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 49.2, la cual deberá ser resuelta por dicho tribunal.
La citada Regla 49.2 permite que un tribunal releve a una parte o a su representante legal de una sentencia, orden o procedimiento por una serie de razones, entre las cuales se encuentra la negligencia ; excusable. !
En Neptune Packing Corp. v. Wackenhut Corp., 120 D.P.R. 283, 291-292 (1988), el Tribunal Supremo señaló algunos de los criterios que deben cumplirse para que un tribunal, en su facultad discrecional, dicte una resolución de relevo de sentencia al amparo de la Regla 49.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 49.2. Bajo el primer inciso de la regla, el cual admite como razones para el relevo de sentencia el error, la inadvertencia, la sorpresa, o la negligencia excusable, el promovente debe tener una defensa válida en sus méritos. Además, bajo el primer inciso, debe considerarse si la otra parte sufrirá perjuicio de conceder el tribunal el relevo solicitado y qué perjuicio, si alguno, sufriría la parte promovente de no concederse el relevo. Para obtener el relevo tanto bajo el inciso (1), como bajo el inciso (6), es necesario, también, que el promovente de la solicitud haya sido diligente en la tramitación del caso.
En Imp. Vilca. Inc. v. Hogares Crea, Inc., 118 D.P.R. 679, 685 (1987), el Tribunal Supremo, citando Sucn. Bravo v. Srio. de Hacienda, 106 D.P.R. 672, 675 (1978), expresó lo siguiente:
"[S]i bien la Regla 49.2 no es una llave maestra para reabrir a capricho un pleito ya adjudicado, el inciso 6 de dicha Regla es amplio para permitir que se corrija un error a todas luces injusto. Somos Tribunal de Justicia y aunque la Justicia se pinta ciega, como símbolo de su imparcialidad, los Tribunales que la imparten deben tener los ojos bien abiertos para impedir que ella se frustre. Cuando de hacer justicia se trata, no puede haber moldes técnicos que aprisionen los remedios justos." (Enfasis en original.)
Resolvemos por ende que procede devolver el caso al tribunal de instancia para que éste considere y resuelva la moción de 23 de enero de 1996 a tenor con las normas jurisprudenciales antes expuestas.
Antes de concluir, es de rigor señalar que el caso de autos envuelve una cuestión que amerita atención. Sabido es que los casos relacionados con alimentos de menores están revestidos del más alto interés público. Galarza Rivera v. Mercado Pagán,_D.P.R._(1995), 95 J.T.S. 164, a las págs. 409, 418; Ríos Rosario v. Vidal Ramos,_D.P.R._(1993), 93 J.T.S. 113, a las págs. 10957, 10959; Rodríguez Rosado v. Zayas Martínez,_D.P.R._(1993), 93 J.T.S. 75, a las págs. 10719, 10721; Piñero Crespo v. Gordillo Gil, 122 D.P.R. 246, 257 (1988); López v. Rodríguez, 121D.P.R. 23, 28 (1988); Negrón Rivera y Bonilla, Ex Parte, 120 D.P.R. 61, 71 (1987). Cuando el tribunal entiende que la representación legal de una parte ha incurrido en una negligencia excusable, especialmente en un caso importante o delicado como el de autos, puede imponerle sanciones a dicha representación legal y no necesariamente imputarle la responsabilidad a la parte. Imp. Vilca, Inc. v. Hogares Crea, Inc., supra, a la pág. 686.
El enfoque no es nuevo. La imposición de sanciones para beneficio de las partes o el Estado, o ambos —en sus distintas modalidades— representa la solución judicial al eterno conflicto en que se debaten dos legítimos intereses: el procesamiento rápido y económico de las controversias frente a una adjudicación justa, preferiblemente en sus méritos.
*1464 Id. a la pág. 687.
Es menester indicar, además, que al emitir el tribunal una resolución sobre aumento o rebaja de pensión alimentaria, deberá hacer determinaciones de hechos a base de la prueba que desfile y de las Guías Mandatorias para Fijar y Modificar Pensiones Alimentarias en Puerto Rico. A estos efectos, recientemente el Tribunal Supremo estableció que:
"Al resolver controversias relativas a las pensiones alimenticias, los tribunales de instancia adjudican en forma final cuestiones de hecho y derecho que en muchas ocasiones tienen que ser revisadas por los foros apelativos. Para poder descargar responsablemente nuestra función apelativa es necesario que los tribunales de instancia formulen las determinaciones de hechos de forma que nos permitan estar debidamente informados de los fundamentos de la decisión." (Enfasis suplido.)
Torres García v. Dávila Díaz,_D.P.R._(1996), Op. de 22 de febrero de 1996, a la pág. 4.
Por lo antes expuesto, denegamos la expedición del recurso por estar prematuro y devolvemos el caso al Tribunal de Primera Instancia, Sala Superior de Bayamón, para que éste resuelva la Moción Solicitando Se Deje Sin Efecto lo Dispuesto en la Vista del 17 de Octubre de 1995... presentada el 23 de enero de 1996.
Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.
María de la C. González Cruz
Secretaria General
ESCOLIOS 96DTA38
1. Véase Resolución de 21 de noviembre de 1995, notificada el 11 de diciembre de 1995. Petición de Certiorari, Apéndice, Anejo VII.
2. Véase Resolución de 10 de enero de 1996, notificada el 22 de enero de 1996. Petición de Certiorari, Apéndice, Anejo IX.
3. El inciso (6) de la Regla 49.2 establece como causa "[cjualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia".