MILDRED RÍOS ALONSO, peticionaria, *v.* JUAN DÍAZ y ROBERTO DEL VALLE, SUPERINTENDENTE DE LA INSTITUCIÓN BAYAMÓN 501, recurridos.

*Número:* CC-2004-790        *Resuelto:* 10 de septiembre de 2004

Sala de Verano integrada por el JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ, como su PRESIDENTE, y los JUECES ASOCIADOS SEÑORES CORRADA DEL RÍO y RIVERA PÉREZ, y las JUEZAS ASOCIADAS SEÑORAS FIOL MATTA y RODRÍGUEZ RODRÍGUEZ.

## RESOLUCIÓN

Vista la Moción de Carácter Urgente para la Resolución Expedita del Recurso, y el recurso de *certiorari* que le acompaña, *se resuelve "no ha lugar" a ambos.*

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado Señor Rebollo López emitió un voto disidente. La Jueza Asociada Señora Rodríguez Rodríguez no interviene.

(*Fdo.*) Patricia Otón Olivieri
*Secretaria del Tribunal Supremo*

— o —

Voto disidente emitido por el Juez Asociado Señor Rebollo López.

Como es del conocimiento de todos, el 8 de julio de 2004 Osvaldo Ríos Alonso fue sentenciado —por una violación al Art. 3.1 de la Ley para la Prevención de la Violencia Doméstica, 8 L.P.R.A. sec. 631— a cumplir una pena total de dieciocho meses de cárcel, de los cuales debe extinguir en prisión, conforme estableciera el tribunal sentenciador, el término de tres "meses naturales" y el resto bajo el régimen de una sentencia suspendida.

El 13 de julio de 2004, Ríos Alonso, amparándose en las disposiciones de la Regla 185 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, presentó ante el Tribunal de Primera Instancia una moción urgente alegando, en esencia, la ilegalidad de los términos y modo de extinguir la pena de cárcel impuesta. En síntesis, planteó que la sentencia de tres meses "naturales" de reclusión era ilegal por no tratarse de una pena expresamente establecida en el Art. 3.1 de la Ley para la Prevención de la Violencia Doméstica, ante.

A poco más de un mes de presentada la mencionada moción, y considerando que el foro de instancia aún no la había resuelto, el 25 de agosto de 2004 la Sra. Mildred Ríos Alonso presentó ante el Tribunal de Apelaciones una solicitud de hábeas corpus en jurisdicción original, planteando la ilegalidad de la detención de su hermano, el Sr. Osvaldo Ríos Alonso.

En síntesis, alegó que la sentencia impuesta en este caso es errónea en derecho —por vulnerar el principio de legalidad dispuesto en el Art. 8 del Código Penal de Puerto Rico, 33 L.P.R.A. sec. 3031— en tanto y en cuanto ésta establece que la pena de reclusión deberá ser cumplida en "meses naturales". En consecuencia, sostuvo que actualmente el encarcelamiento de Ríos Alonso resulta ilegal

puesto que, de declararse inválido el requisito del cumplimiento de la pena en "meses naturales" y aplicársele las bonificaciones establecidas en el Art. 16 de la Ley Núm. 116 de 22 de julio de 1974 (4 L.P.R.A. sec. 1161), él ya habría cumplido el término de encarcelamiento dispuesto.

El foro apelativo intermedio se negó a expedir el auto solicitado, por lo que el 2 de septiembre de 2004 la Sra. Mildred Ríos Alonso acudió ante este Tribunal —vía *certiorari*— imputándole, entre otras cosas, al tribunal apelativo intermedio haber errado al negarse a resolver la controversia relativa a la ilegalidad de la sentencia impuesta a su hermano por el foro de instancia.

Así las cosas, el 7 de septiembre de 2004, y obligado por una orden de *"mandamus" solicitada por Osvaldo Ríos* y emitida por el Tribunal de Apelaciones *dentro del caso criminal,* el foro de instancia resolvió el planteamiento de ilegalidad de sentencia *en contra de Ríos Alonso.*[1] En síntesis, erróneamente concluyó que tenía discreción para *alterar y agravar* la pena o medida de seguridad previamente establecida por el legislador al momento de establecer el delito.

Hoy una mayoría de los integrantes de este Tribunal, evadiendo su responsabilidad de resolver *de una vez y por todas* la corrección del planteamiento —*de estricto Derecho*— presentado ante nos por la peticionaria, declara "sin lugar" el recurso presentado ante este Tribunal. De este modo avala una actuación obviamente ilegal en que incurrió el foro de instancia, cerrando sus ojos ante la posibilidad de que el ciudadano Osvaldo Ríos Alonso en estos momentos esté —y continúe estando— detenido ilegalmente.

---

[1] Es importante advertir que dicho dictamen fue emitido *dentro del caso criminal* como parte del planteamiento de "ilegalidad de sentencia" presentado ante dicho foro por el Sr. Osvaldo Ríos, al amparo de la Regla 185 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, y *no dentro del recurso de hábeas corpus presentado ante el Tribunal Apelativo por la señora Mildred Ríos Alonso.* Este último recurso, *sobre el cual los foros primarios no tienen jurisdicción,* es el que hoy tenemos ante nuestra consideración.

# I

Ciertamente no hace falta un análisis muy profundo ni exhaustivo para advertir que al este Tribunal hacerse de la "vista larga", está permitiendo que el presente recurso continúe el trámite procesal ordinario con la consecuencia de que al 6 de octubre de 2004 —fecha en que Ríos Alonso cumple los tres meses naturales erróneamente impuestos por el foro de instancia— su planteamiento seguramente no habrá sido resuelto. Ello no sólo convertiría en un *vano ejercicio de futilidad* todo trámite procesal realizado ante los foros inferiores sino que, además, convertiría el reclamo de la peticionaria en académico. Con ello se estaría permitiendo que un ciudadano, que *recurrió oportunamente* en auxilio de nuestra jurisdicción, haya estado ilegalmente detenido sin que este Tribunal haya movido "un solo dedo" para evitarlo.

Lo anteriormente expuesto nos parece *particularmente preocupante e injusto* cuando consideramos que a la peticionaria y a Osvaldo Ríos *efectivamente les asiste la razón en sus planteamientos*. Veamos.

# II

Al establecer la sanción correspondiente a la infracción del Art. 3.1 de la Ley para la Prevención de la Violencia Doméstica, ante, el legislador fue claro al disponer que ésta consistiría en una pena fija de doce meses de cárcel y que dicha pena podría ser disminuida a nueve meses —de existir circunstancias atenuantes— o aumentada a dieciocho meses ante la existencia de elementos agravantes.

*En ninguna de las disposiciones de la referida ley se incluye la posibilidad del cumplimiento de la pena en términos "naturales" ni se establece que los infractores estarán excluidos de los beneficios de bonificación provistos en el Art. 16 de la Ley Núm. 116, ante.*

Es más, luego de realizar un *análisis minucioso* de las disposiciones contenidas en el Código Penal de Puerto Rico

y de las diferentes leyes penales especiales que rigen nuestro ordenamiento jurídico, hemos encontrado que la *única disposición penal* donde se establecen sanciones en términos "naturales" es en el Art. 62 del Código Penal, 33 L.P.R.A. sec. 3302, donde se expresa que "[e]n caso de *reincidencia agravada* el convicto será sancionado a pena fija de veinte (20) años naturales o al doble de la pena fija dispuesta por ley para el delito cometido con circunstancias agravantes, la que resulte mayor". (Énfasis suplido.) Dicho proceder legislativo se entiende cuando consideramos que esta *única* situación aplica en casos de *infractores reincidentes*, en relación con los cuales el legislador, obviamente, quiso ser más severo.

Lo anterior nos parece más que suficiente para evidenciar el hecho de que en el presente caso la actuación del foro de instancia, imponiendo una sentencia en términos naturales que *no* fue considerada por el legislador al momento de establecer la pena relativa al delito en controversia, *vulnera el principio de legalidad dispuesto en el Art. 8 de nuestro Código Penal, ante*. Como es sabido, la referida disposición *garantiza* que ninguna persona será penalmente castigada por hechos que no hayan sido expresamente definidos por ley como delito, *ni se impondrán penas o medidas de seguridad que la ley no hubiere previamente establecido*.

Abona a nuestra preocupación el hecho de que en el caso criminal seguido contra Osvaldo Ríos Alonso el foro de instancia incurrió en una dilación *sumamente larga y preocupante* ante el serio planteamiento levantado por Ríos Alonso en torno a la ilegalidad de la sentencia impuesta. Ello considerando que, al momento de resolver la moción presentada por Ríos Alonso, ya habían pasado más de 55 días desde que dicha controversia le fuera planteada —y más de 34 desde que se celebró la vista— sin que el referido foro se hubiese pronunciado sobre ésta. *Ciertamente, nos parece que la controversia allí planteada no ameritaba tal dilación.* Por el contrario, ya hemos visto que se trata de un asunto *sumamente claro* que debió ser resuelto de

*forma correcta y con premura* por estar planteada la ilegalidad de una detención.

En vista de todo lo anteriormente expuesto, y considerando que el foro de instancia actuó *ultra vires* al establecer en el presente caso una pena de prisión en términos naturales, somos del criterio que este Tribunal debería acoger el presente recurso de *certiorari*, dictar sentencia modificatoria y remitir el caso al foro administrativo, esto es, al Administrador de Corrección, para que se evalúe, con la mayor brevedad, si Ríos Alonso cumple con los criterios requeridos para ser acreedor de las bonificaciones contenidas en el Art. 16 de la Ley Núm. 116, ante. De determinarse que en efecto proceden las referidas bonificaciones, entonces procedería que el foro judicial decrete la excarcelación inmediata de Ríos Alonso por haber finalizado el término de reclusión impuesto por el tribunal de instancia.

A nuestro juicio este curso de acción *es el único que permite que este Foro cumpla a cabalidad con su función ministerial de hacer cumplida justicia sin reparar en el receptor de ésta.* Después de todo, estamos ante una controversia *estrictamente de Derecho* que puede —y debe— ser resuelta por este Foro sin dilación alguna.

En ese sentido, debemos tener muy presente lo expresado por este Tribunal en *Sucn. Bravo v. Srio. de Hacienda*, 106 D.P.R. 672, 675 (1978), a los efectos de que "[c]uando de hacer justicia se trata, no puede haber moldes técnicos que aprisionen los remedios justos". No debemos olvidar que "[s]omos [un] Tribunal de Justicia y aunque la Justicia se pinta ciega, como símbolo de su imparcialidad, los tribunales que la imparten deben tener los ojos bien abiertos para impedir que ella se frustre". *Íd.*

Por entender que el curso de acción que hoy toma la Mayoría tiene el *penoso efecto* de frustrar la justicia en este caso, disentimos.