EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Mildred Ríos Alonso<br>        Peticionaria<br><br>              v.<br><br>Juan Díaz y Roberto del Valle,<br>Superintendente Institución<br>Bayamón 501<br>        Recurridos | Certiorari<br><br>2004 TSPR 147<br><br>162 DPR ____ |

Número del Caso: CC-2004-790

Fecha: 10 de septiembre de 2004

Tribunal de Circuito de Apelaciones:

                    Región Judicial de Bayamón

Juez Ponente:
                    Hon. Hiram A. Sánchez Martínez.

Abogados de la Parte Peticionaria:

                    Lcda. María De Lourdes Guzmán
                    Lcda. Margarita Carrillo Iturrino

Abogado de la Parte Recurrida:

                    Hon. Procurador General

Materia: Habeas Corpus

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Mildred Ríos Alonso

Peticionaria

v.

Juan Díaz y Roberto del Valle, Superintendente Institución Bayamón 501

CC-2004-790    CERTIORARI

Recurridos

Sala de Verano integrada por el Juez Asociado señor Rebollo López, como su Presidente, y los Jueces Asociados señores Corrada del Río y Rivera Pérez y las Juezas Asociadas señoras Fiol Matta y Rodríguez Rodríguez

RESOLUCIÓN

San Juan, Puerto Rico, a 10 de septiembre de 2004.

Vista la Moción de Carácter Urgente para la Resolución Expedita del Recurso y el recurso de certiorari que le acompaña, no ha lugar a ambos.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rebollo López emitió voto disidente. La Jueza Asociada señora Rodríguez Rodríguez no interviene.

Patricia Otón Olivieri
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Mildred Ríos Alonso

    Peticionaria

       vs.               CC-2004-790     CERTIORARI

Juan Díaz y Roberto Del Valle,
Superintendentes Institución
Bayamón 501

    Recurridos

VOTO DISIDENTE EMITIDO POR EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ

San Juan, Puerto Rico, a 10 de septiembre de 2004

Como es del conocimiento de todos, el 8 de julio de 2004 Osvaldo Ríos Alonso fue sentenciado --por una violación al Artículo 3.1 de la Ley para la Prevención de la Violencia Doméstica, 8 L.P.R.A. sec. 731-- a cumplir una pena total de dieciocho (18) meses de cárcel, de los cuales debe extinguir en prisión, conforme estableciera el tribunal sentenciador, el término de tres (3) "meses naturales" y el resto bajo el régimen de una sentencia suspendida.

El 13 de julio de 2004, Ríos Alonso, amparándose en las disposiciones de la Regla 185 de las de Procedimiento Criminal, 34 L.P.R.A. Ap.

II, R. 185, presentó ante el Tribunal de Primera Instancia una moción urgente alegando, en esencia, la ilegalidad de los términos y modo de extinguir la pena de cárcel impuesta. En síntesis, planteó que la sentencia de tres meses "naturales" de reclusión era ilegal por no tratarse de una pena expresamente establecida en el Artículo 3.1 de la Ley para la Prevención de la Violencia Doméstica, ante.

A poco más de un mes de presentada la mencionada moción, y considerando que el foro de instancia aún no había resuelto la misma, el 25 de agosto de 2004, la señora Mildred Ríos Alonso presentó ante el Tribunal de Apelaciones una solicitud de *hábeas corpus* en jurisdicción original planteando la ilegalidad de la detención de su hermano, el señor Osvaldo Ríos Alonso.

En síntesis, alegó que la sentencia impuesta en este caso es errónea en Derecho --por vulnerar el principio de legalidad contemplado en el Artículo 8 del Código Penal de Puerto Rico, 33 L.P.R.A. sec. 3031-- en tanto en cuanto la misma establece que la pena de reclusión deberá ser cumplida en "meses naturales". En consecuencia sostuvo que actualmente el encarcelamiento de Ríos Alonso resulta ilegal puesto que, de declararse inválido el requisito del cumplimiento de la pena en "meses naturales" y aplicársele las bonificaciones establecidas en el Artículo 16 de la Ley Núm. 116 de 22 de julio de 1994, 4 L.P.R.A. sec. 1161, él ya habría cumplido el término de encarcelamiento dispuesto.

El foro apelativo intermedio se negó a expedir el auto solicitado por lo que el 2 de septiembre de 2004 la señora Mildred Ríos Alonso acudió ante este Tribunal --vía *certiorari*-- imputándole, entre otras cosas, al tribunal apelativo intermedio haber errado al negarse a resolver la controversia relativa a la ilegalidad de la sentencia impuesta a su hermano por el foro de instancia.

Así las cosas, el 7 de septiembre de 2004, y obligado por una orden de *mandamus* <u>solicitada por Osvaldo Ríos</u> y emitida por el Tribunal de Apelaciones <u>dentro del caso criminal</u>, el foro de instancia resolvió el planteamiento de ilegalidad de sentencia <u>en contra de Ríos Alonso</u>.[1] En síntesis, erróneamente concluyó que tenía discreción para <u>alterar y agravar</u> la pena o medida de seguridad previamente establecida por el legislador al momento de establecer el delito.

En el día de hoy una mayoría de los integrantes de este Tribunal, evadiendo su responsabilidad de resolver, <u>de una vez y por todas</u>, la corrección del planteamiento --<u>de estricto Derecho</u>-- presentado ante nos por la peticionaria, declara "sin lugar" el recurso radicado ante

---

[1] Es importante advertir que dicho dictamen fue emitido **dentro del caso criminal** como parte del planteamiento de "ilegalidad de sentencia" presentado ante dicho foro por el señor Osvaldo Ríos al amparo de la Regla 185 de las de Procedimiento Criminal y **no dentro del recurso de *hábeas corpus* presentado ante el Tribunal Apelativo por la señora Mildred Ríos Alonso**. Este último recurso, **sobre el cual los foros primarios no tienen jurisdicción**, es el que hoy tenemos ante nuestra consideración.

este Tribunal. De este modo avala una actuación obviamente ilegal incurrida por el foro de instancia, cerrando sus ojos ante la posibilidad de que el ciudadano Osvaldo Ríos Alonso en estos momentos esté --y continúe estando-- detenido ilegalmente.

I

Ciertamente no hace falta un análisis muy profundo ni exhaustivo para advertir que al este Tribunal hacerse de la "vista larga", está permitiendo que el presente recurso continúe el trámite procesal ordinario con la consecuencia de que al 6 de octubre de 2004 --fecha en que Ríos Alonso cumple los tres meses naturales erróneamente impuestos por el foro de instancia-- su planteamiento seguramente no habrá sido resuelto. Ello no sólo convertiría en un vano ejercicio de futilidad todo trámite procesal realizado ante los foros inferiores sino que, además, convertiría el reclamo de la peticionaria en uno académico. Con ello se estaría permitiendo que un ciudadano, que recurrió oportunamente en auxilio de nuestra jurisdicción, haya estado ilegalmente detenido sin que este Tribunal haya movido "un solo dedo" para evitarlo.

Lo anteriormente expuesto nos parece particularmente preocupante e injusto cuando consideramos que a la peticionaria, y a Osvaldo Ríos, efectivamente les asiste la razón en sus planteamientos. Veamos.

II

Al establecer la sanción correspondiente a la infracción del Artículo 3.1 de la Ley para la Prevención de la Violencia Doméstica, 8 L.P.R.A. sec. 731, el legislador fue claro al disponer que la misma consistiría en una pena fija de doce meses de cárcel y que dicha pena podría ser disminuida a nueve meses --de existir circunstancias atenuantes-- o aumentada a 18 meses ante la existencia de elementos agravantes.

En ninguna de las disposiciones de la referida Ley se contempla la posibilidad del cumplimiento de la pena en términos "naturales" ni se establece que los infractores estarán excluidos de los beneficios de bonificación provistos en el Artículo 16 de la Ley Núm. 116 de 22 de julio de 1994, 4 L.P.R.A. sec. 1161.

Es más, luego de realizar un análisis minucioso de las disposiciones contenidas en el Código Penal de Puerto Rico, y de las diferentes leyes penales especiales que rigen nuestro ordenamiento jurídico, hemos encontrado que la única disposición penal donde se establecen sanciones en términos "naturales" es en el Artículo 62 del Código Penal, donde se expresa que "[e]n caso de reincidencia agravada el convicto será sancionado a pena fija de veinte (20) años naturales o al doble de la pena fija dispuesta por ley para el delito cometido con circunstancias agravantes, la que resulte mayor." (énfasis suplido). Dicho proceder legislativo se entiende cuando consideramos

que esta <u>única</u> situación es de aplicación en casos de <u>infractores reincidentes</u>, en relación con los cuales el legislador, obviamente, quiso ser más severo.

Lo anterior nos parece más que suficiente para evidenciar el hecho de que en el presente caso la actuación del foro de instancia, imponiendo una sentencia en términos naturales que <u>no</u> fue contemplada por el legislador al momento de establecer la pena relativa al delito en controversia, <u>vulnera el principio de legalidad dispuesto en el Artículo 8 de nuestro Código Penal. 33 L.P.R.A. sec. 3031</u>. Como es sabido, la referida disposición <u>garantiza</u> que ninguna persona será penalmente castigada por hechos que no hayan sido expresamente definidos por ley como delito, <u>ni se impondrán penas o medidas de seguridad que la ley no hubiere previamente establecido</u>.

Abona a nuestra preocupación el hecho de que en el caso criminal seguido contra Osvaldo Ríos Alonso el foro de instancia incurrió en una dilación <u>sumamente larga y preocupante</u> ante el serio planteamiento levantado por Ríos Alonso en torno a la ilegalidad de la sentencia impuesta. Ello considerando que, al momento de resolver la moción presentada por Ríos Alonso, ya habían pasado más de 55 días desde que dicha controversia le fuera planteada —y más de 34 desde que se celebró la vista— sin que el referido foro se hubiese pronunciado sobre la misma. <u>Ciertamente, nos parece que la controversia allí planteada</u>

no ameritaba tal dilación. Por el contrario, ya hemos visto que se trata de un asunto sumamente claro que debió ser resuelto de forma correcta y con premura por estar planteada la ilegalidad de una detención.

En vista de todo lo anteriormente expuesto, y considerando que el foro de instancia actuó *ultra vires* al establecer en el presente caso una pena de prisión en términos naturales, somos del criterio que este Tribunal debería acoger el presente recurso de *certiorari*, dictar Sentencia modificatoria y remitir el caso al foro administrativo, esto es, al Administrador de Corrección, para que se evalúe, con la mayor brevedad, si Ríos Alonso cumple con los criterios requeridos para ser acreedor de las bonificaciones contempladas en el Artículo 16 de la Ley Núm. 116 de 22 de julio de 1994. De determinarse que en efecto proceden las referidas bonificaciones, entonces procedería que el foro judicial decrete la excarcelación inmediata de Ríos Alonso por haber finalizado el término de reclusión impuesto por el tribunal de instancia.

A nuestro juicio este curso de acción es el único que permite que este Foro cumpla a cabalidad con su función ministerial de hacer cumplida justicia sin reparar en el receptor de la misma. Después de todo estamos ante una controversia estrictamente de Derecho que puede --y debe-- ser resuelta por este Foro sin dilación alguna.

En ese sentido, debemos tener muy presente lo expresado por este Tribunal en Sucn. Bravo v. Srio. de

Hacienda, 106 D.P.R. 672, 675 (1998), a los efectos de que "[c]uando de hacer justicia se trata, no puede haber moldes técnicos que aprisionen los remedios justos." No debemos olvidar que "[s]omos [un] Tribunal de Justicia y aunque la Justicia se pinta ciega, como símbolo de su imparcialidad, los tribunales que la imparten deben tener los ojos abiertos para impedir que allí se frustre." *Ibid*.

Por entender que el curso de acción que hoy toma la Mayoría tiene el penoso efecto de frustrar la justicia en este caso, disentimos.


                    FRANCISCO REBOLLO LÓPEZ
                         Juez Asociado